Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
1900 Powell Street, Sixth Floor
Emeryville, CA 94608
Telephone:   (415) 944-5422
Facsimile:   (415) 944-5423

Attorney for Plaintiff
Media.Net Advertising FZ-LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA.NET ADVERTISING FZ-LLC, <br><br> Plaintiff, <br><br> v. <br><br> NETSEER, INC. and DOES 1–10, <br><br> Defendants. | No. 3:14-CV-03883 <br><br> **STIPULATED DISCOVERY AGREEMENT; AGREEMENT UNDER RULE 502 OF THE FEDERAL RULES OF EVIDENCE; and [PROPOSED] ORDER** `Modified` |

I
ESI AGREEMENT AND ORDER – 14-CV-03883

### A. Purpose

Plaintiff Media.Net Advertising FZ-LLC ("MediaNet") and Defendant Netseer, Inc. ("Netseer") (collectively, the "Parties") hereby stipulate to the following provisions regarding the discovery process and the production of electronically-stored information ("ESI") in this case.

### B. Recitals

1. WHEREAS the parties intend the discovery process in this matter to be reasonable and proportional, and have made certain agreements in furtherance of this objective.

2. WHEREAS, the Parties each have documents and information relevant to this dispute but protected from disclosure by privilege or other protections (including work-product) ("Privileged Information").

3. WHEREAS, the Parties seek to prevent any type of waiver of privilege or other protection against disclosure of Privileged Information occurring by virtue of the discovery processes in this matter, except for intentional waivers intentionally made with the producing Party's explicit knowledge and affirmative indication of consent.

4. WHEREAS, the Parties seek to reduce the costs and burdens of discovery by ensuring that legal privileges and protections are not subject to any inadvertent, unintentional or unknowing waivers in this or any other jurisdiction, to the full extent permitted by law and regardless of whether their respective efforts to avoid waiver are deemed reasonable or unreasonable by non-parties.

5. WHEREAS, Parties are aware of the importance the Court places on cooperation in the discovery process, and commit to cooperate in the discovery process in good faith.

6. WHEREAS, the Parties do not want their good faith cooperation in the discovery process to result in the waiver of legal privilege or other protections from disclosure, and they do not want this good faith cooperation used as a basis to compel the testimony of their outside counsel in this or any other proceeding.

7. WHEREAS, it may not be practicable or financially feasible to identify and log every instance of privileged information, without error.

8. WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad discretion to issue orders pertaining to disclosure and discovery in civil litigation in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense."

9. WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides that this Court may order that privileges and protections from disclosure are "not waived by disclosure connected with the litigation pending before the court . . . in which event the disclosure is also not a waiver in any other Federal or State proceeding."

10. WHEREAS, Rule 502(e) of the Federal Rules of Evidence provides that "[a]n agreement upon the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

11. NOW, THEREFORE, the Parties have agreed to preserve the privileged or protected status of Privileged Information, and they have agreed to coordinate the discovery process in this matter, as set forth in this Stipulated Discovery Agreement; Agreement Under Rule 502 of the Federal Rules of Evidence ("Agreement"); and [Proposed] Order thereupon, according to the following terms and conditions.

12. This Agreement will become effective once it is incorporated into an Order of the Court entered in this proceeding under Federal Rule of Civil Procedure section 26(c) and Federal Rule of Evidence section 502(e).

## C. Cooperation

13. The Parties agree to cooperate in good faith in the discovery process.

14. The Parties agree that good faith cooperation in the discovery process shall not result in the waiver of legal privilege or other protections from disclosure applicable to any Privileged Information.

15. The Parties agree that good faith cooperation in the discovery process may not be used as a basis to compel testimony in this or any other proceeding.

16. Activities undertaken in compliance with the duties to preserve and produce information for this matter may be protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B), or by the attorney-client privilege or attorney work-product doctrine. It is the express intention of the Parties pursuant to Federal Rule of Evidence section 502(d), that the disclosure of such activities or documents created in connection with such activities, furtherance of cooperation in the discovery process, shall not constitute a waiver of privilege or work-product protections in this or any other proceeding, and no such disclosure in furtherance of cooperation in the discovery process may be used in this or any other proceeding to compel the testimony of the attorney making the disclosure.

17. The parties will meet and confer in good faith regarding any additional protections or protective orders not contemplated in this Agreement, which may be necessary to reasonably protect information disclosed in or about the discovery process in this case, possibly including provisions necessary to protect and secure confidential or commercially-sensitive information, provisions covering the destruction or return of information at the conclusion of this case, or provisions covering the designation of information suitable only for disclosure to outside counsel and experts, but not to the opposing Party's personnel.

**D. ESI Disclosures**

Within twenty-one (21) calendar days after entry of the Order memorializing this Agreement, each Party shall disclose:

18. <u>Custodians</u>. The names, titles, location, and connection with this litigation of each corporate custodian likely to have discoverable materials in their possession, custody or control.

19. <u>Non-Custodial Data Sources</u>. All non-custodial corporate data sources (e.g. shared drives, servers, databases, Sharepoint sites, file rooms, etc.) likely to contain discoverable materials.

20. <u>Third-Party Data Sources</u>. All third-party sources of discoverable materials

(e.g. third-party email and/or mobile device providers, "cloud" storage, hard copy storage repositories, etc.). Each Party shall promptly advise the other Party of any anticipated issues or problems preserving data maintained by third-parties.

21. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

**E.  ESI Preservation**

To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

22. Preservation of potentially relevant ESI will be reasonable and proportionate.

23. The Parties shall not be required to modify the procedures they use in the ordinary course of business to back-up and archive data, unless a Producing party knows or should know that the failure to modify back-up and archive data protocols could result in the loss of unique, non-duplicate discoverable material, in which case the Parties will meet and confer promptly to address the situation.

24. Absent a showing of good cause, the following categories of ESI need not be preserved:

  a. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

  b. Electronic data (e.g. email, calendars, contact data, and notes) stored on mobile devices (e.g., smartphones and tablets), provided that the potentially relevant ESI on the device is routinely synchronized to a repository that will be preserved (e.g., server, laptop, desktop computer, or "cloud" storage).

  c. File fragments and deleted files, absent reasonable belief that the producing Party has engaged in an intentional effort to delete or purge relevant, discoverable information to avoid its discovery in this case or after the filing of this action, in which case the Parties shall promptly meet and confer to address the situation.

### F.   Privilege

25.   The Parties shall take steps that are reasonable, in their respective, exclusive judgment, to identify Privileged Information and to prevent its disclosure. This could include but is not limited to attorney screening, keyword search screening, metadata filtering, the application of advanced analytical tools, designation by subject matter, location or custodian where appropriate, any combination of these, or other methods not listed. No particular steps are required of any Party, except those it deems reasonable, but no Party shall indiscriminately designate documents as privileged or protected from disclosure.

26.   No inadvertent disclosure of Privileged Information shall constitute a waiver of any privilege or other protections (including work product) in this or any other proceeding if the producing Party took reasonable steps, as defined herein, to prevent its disclosure and to rectify an inadvertent, unintentional or unknowing disclosure.

27.   The producing Party will be deemed to have taken reasonable steps to rectify an erroneous disclosure if, within ten (10) days of discovering the error and no later than ten (10) days following knowledge of an opposing Party's use of such privileged information, the producing Party notifies the receiving Party of the claim of privilege and the basis for it and directs the receiving Party to sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Information.

28.   Upon receiving such a request and notification of an inadvertent disclosure, or if a receiving Party or its counsel self-identifies Privileged Information in a production, the receiving Party shall promptly sequester, return, delete or destroy all copies of such inadvertently produced Privileged Information, including any and all work-product containing or derived from Privileged Information, and shall make no further use or disclosure of the Privileged Information whatsoever. The receiving Party must notify the producing Party if Privileged Information was disclosed before the receiving Party received notification of its privileged status, and the receiving Party must take all reasonable steps to secure the return of any Privileged Information of a producing Party

that the receiving Party has disclosed.

29. Parties will act in good faith to timely produce privilege logs. All privilege logs shall contain information sufficient to identify the documents or information withheld and the basis of the asserted claim of privilege or protection. Privilege logs shall contain sufficient detail that an opposing Party or the Court could make a cogent evaluation of whether the assertion of the privilege or protection was valid. Communications involving outside counsel that post-date the filing of the complaint in this action need not be placed on a privilege log. Documents may be identified on a privilege log by category, rather than individually, if appropriate. Email communications may be identified on a privilege log by family group or thread where all documents in the family group or thread are privileged or protected from disclosure. Any logging of more than one item by category, family group or thread will identify the number of documents covered by that log entry.

30. A requesting Party may reasonably request individual logging of documents if their privileged status is disputed. Nothing in this Order shall prevent a receiving Party from challenging the assertion of privilege or other protection with respect to any discoverable documents or ESI.

### G.   Search and Review Methodologies

31. The Parties shall meet and confer in an attempt to reach agreement on appropriate search terms and review methodologies before any such efforts are undertaken. The Parties shall continue to cooperate in revising the appropriateness of search terms and review methodologies as needed.

32. Upon reasonable request and if appropriate under the circumstances, a Party shall promptly disclose information upon oral request of the other Party relating to: network design, the types of databases it uses, database dictionaries, access control lists; security access logs; rights of individuals to access specific systems, files or applications; any ESI or document retention policies; organizational charts for information systems personnel; backup, archive and disaster recovery routines, including, but not limited to, tape rotation and destruction/overwrite procedures.

**H.   Format of Production**

33.   The Parties will meet and confer regarding the format of production and production of metadata prior to producing any documents.

34.   ESI files will be produced to the requesting Party in the format requested, which may include native, TIFF (with a companion text and metadata load files), or searchable PDF. Unless otherwise agreed to by the Parties, files that are not easily converted to image format, including spreadsheets, database and drawing files, will be produced in native format along with a Bates-labeled slipsheet. The Parties will reasonably cooperate to identify means of producing information from database or other platforms that do not lend themselves to standard document- or file-level productions.

35.   The Parties may de-duplicate ESI production across custodial and non-custodial data sources, provided that the original sources of the data are tracked and disclosed to the requesting Party.

36.   A Party that produces hard-copy documents in an electronic format, shall include a cross-reference file that indicates document breaks and sets forth the custodian or non-custodial source associated with each produced document. All hard-copy documents shall be scanned using Optical Character Recognition technology and searchable ASCII text files shall be produced (or Unicode text format if the text is in a foreign language), unless the producing Party can show that the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI.

**I.   Disputes**

37.   The Parties shall meet and confer diligently to resolve any disagreement or dispute over the foregoing discovery topics. Any Party filing a motion with the Court about one or more of the foregoing discovery topics must include a declaration of outside counsel describing the diligent efforts to resolve the issue amicably. The lack of diligence to amicably resolve a dispute may be considered by the Court as a basis to grant or deny any motion about the foregoing discovery topics, or as a basis to award sanctions.

DATED this 16th day of December 2014.

**NEWMAN DU WORS LLP**

By: /s/ Leeor Neta
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com

Attorney for Plaintiff
Media.net Advertising FZ-LLC

DATED this 16th day of December 2014.

**PILLSBURY WINTHROP LLP**

By: /s/ Vernon Granneman
Vernon H. Granneman, State Bar No. 83532
vernon.granneman@pilsburylaw.com

Attorney for Defendant
Netseer, Inc.

Based on the foregoing, IT IS SO ORDERED.

In the event of a discovery dispute requiring the filing of a discovery motion, the parties shall comply with the joint letter process detailed in the Court's Civil Standing Order on Discovery.   January 13, 2015

DATED: _____

_____
United States District Court Judge

IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

ESI AGREEMENT AND ORDER – 14-CV-03883