UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA.NET ADVERTISING FZ-LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>NETSEER, INC.,<br><br>        Defendant.<br>_____/ | No. C-14-3883 EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>**(Docket No. 39)** |

        The Court has received a joint discovery letter from the parties in the above-referenced case. As reflected in the letter, Plaintiff seeks discovery in order to oppose Defendant's motion for summary judgment, to dismiss, or, in the alternative for a more definite statement. That motion is currently set for hearing on October 1, 2015. No trial date has been set in the case. Having considered the contents of the joint letter, as well as all other evidence of record, the Court hereby rules as follows.

        Plaintiff's request to take the deposition of Defendant's CTO is denied. Plaintiff argues that his deposition is needed because (1) he was the individual who actually copied Plaintiff's code; (2) contrary to what Defendant asserts, that code has "numerous creative and/or expressive non-functional elements" (and thus is copyrightable); and (3) and Plaintiff "needs to confirm [Defendant] knew it was not limited to using identical code." Letter at 2. The problem with Plaintiff's position is that it has failed to explain why the deposition of the CTO *specifically* is needed in order for it "to confirm [Defendant] knew it was not limited to using identical code." Letter at 2. Moreover,

1  Plaintiff does not explain why the latter information could not be obtained through written discovery.

2  The Court, however, shall grant Plaintiff limited relief with respect to its request for an extension in order for it to follow-up on written discovery propounded on Defendant.  The hearing on Defendant's motion shall be **CONTINUED** to October 29, 2015.  The opposition to Defendant's motion shall be filed by October 8, 2015, and the reply by October 15, 2015.

In order to meet the briefing and hearing schedule above, the Court shall also require the parties to meet and confer **in person** regarding the written discovery needed by Plaintiff.  Counsel having **full and complete authority** on discovery must attend the meet and confer, and the meet and confer must undertaken **in good faith**.  The prior meet-and-confer efforts documented by the parties in the joint letter are inadequate, and the parties are forewarned that they both risk being sanctioned should they not engage in a good-faith meet and confer.  The meet and confer shall take place no later than a week from the date of this order.  By the same date, the parties shall file a joint letter reporting back on their meet-and-confer efforts.

Finally, the Court hereby **REFERS** all discovery matters in this case for resolution by a magistrate judge.  Thus, for example, the joint letter required above shall be directed to the attention of the magistrate judge rather than the undersigned.  The magistrate judge is instructed to resolve any discovery dispute identified in the joint letter on an expedited basis.  Moreover, if documents are to be produced, they must be produced in sufficient time for Plaintiff to incorporate them into its opposition to Defendant's motion.  Defendant, therefore, must be prepared to produce documents (if so ordered) in a short time frame.

This order disposes of Docket No. 39.

IT IS SO ORDERED.

Dated:  August 18, 2015

_____
EDWARD M. CHEN
United States District Judge

2