UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA.NET ADVERTISING FZ-LLC,<br><br>Plaintiff,<br><br>v.<br><br>NETSEER, INC.,<br><br>Defendant. | Case No. 14-cv-03883-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>Docket No. 84 |

Previously, the Court denied Defendant's motion for summary judgment but granted its motion to dismiss. Docket No. 69. With respect to the motion to dismiss, the Court gave Plaintiff leave to amend its claims for copyright infringement and unfair competition (California Business & Professions Code § 17200). *Id.* Plaintiff subsequently filed a second amended complaint ("SAC") in which it repled the copyright infringement and § 17200 claims. Docket No. 76. Defendant has now moved to dismiss those claims. In the alternative, Defendant has moved to strike portions of the SAC. *Id.* Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss. The Court further **DENIES** Defendant's motion to strike.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is a provider of online contextual-advertising services and offers its customers a website-based advertisement creation platform (the "Platform"), which allows its users to create custom advertisements. SAC 76 ¶¶ 1, 21, 24. Website publishers using the Platform can place a Media.net ad unit on their websites so that when a website visitor clicks on the ad unit, the visitor is taken to a "search results page" which displays relevant advertisements. *Id.* ¶ 26. Plaintiff published the original version of its search results page ("Original Media.net Results Page") in

February 2014. *Id.* ¶ 29.

Defendant is a competing contextual-advertising provider. SAC ¶¶ 39-40. Defendant also provides advertising units that its customers can place on their websites. *Id.* ¶ 40. As with Plaintiff's Platform, when a user clicks on Defendant's advertising unit, the user is directed to a search results page that offers relevant advertisements. *Id.* ¶ 41. Plaintiff alleges Defendant directly copied a substantial portion of Plaintiff's hypertext markup language ("HTML") code and used it to create Defendant's own search results page which is substantially similar to Plaintiff's. *Id.* ¶¶ 43-47.

As indicated above, previously, Defendant challenged Plaintiff's first amended complaint ("FAC") in a motion to dismiss. The Court granted the motion in part but gave Plaintiff leave to amend its copyright infringement claims and its § 17200 claim. Docket No. 69. With respect to the copyright claims, the Court concluded that "portions of Plaintiff's HTML code" were copyrightable, specifically, the portions that contained "classes" and "comments." *Id.* at 14:11-27. However, the Court found that the copyright claims, as alleged, were not adequately pled because, *inter alia*, Plaintiff failed to "identify each portion of the HTML code Defendant allegedly infringed." *Id.* at 18:16-18. As for the § 17200 claim, the Court held that, as alleged, it was deficient because it was preempted by the Copyright Act. *Id.* at 27:12-14. The Court gave Plaintiff leave to amend the copyright infringement and § 17200 claims to cure the above deficiencies. *Id.* at 29:3-8.

Plaintiff thereafter filed its SAC. With respect to the copyright claims, the SAC is largely the same as the FAC. For example, like the FAC, the SAC contains the same table of "several examples of NetSeer's infringement." SAC ¶ 48. The only new substantive allegation in the SAC is the statement that Defendant "viewed and copied all or substantial portions of the Media.net result page source code." *Id.* ¶ 60. As for the § 17200 claim, Plaintiff has revised its allegations, now focusing on Defendant's alleged "misrepresentation and omissions of material fact" to Plaintiff's existing and potential clients that amounted to "unfair or fraudulent business acts." *Id.* ¶¶ 104, 107.

2

## II. DISCUSSION

A. Motion to Dismiss

    1. Legal Standard

Defendant first moves to dismiss the newly pled copyright infringement and § 17200 claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Under that rule, a party may seek dismissal based on failure to state a claim. A Rule 12(b)(6) motion tests the sufficiency of a complaint, asking whether a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a complaint need not contain "detailed factual allegations," a complaint that contains merely "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts may dismiss a claim "only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (internal quotation marks omitted).

    2. Copyright Infringement Claims

As noted above, when the Court granted Defendant's motion to dismiss the copyright claims as pled in the FAC, it gave Plaintiff leave to amend. The Court specifically instructed

Plaintiff that, to cure the deficiency in the FAC, it had "to identify each portion of the HTML code Defendant allegedly infringed and to allege facts regarding Defendant's access to Plaintiff's HTML code." Docket No. 69, 18:16-18.

In spite of this specific directive, Plaintiff has done little to add to its FAC. For example, in its SAC, Plaintiff did not add to the table from the FAC to include all examples of copied portions of the HTML code. *Compare* FAC ¶ 47 *with* SAC ¶ 48. Indeed, Plaintiff added no new examples. The only new substantive allegation in the SAC is the statement that Defendant "copied all or substantial portions of the HTML code." *See, e.g.*, *id.* at ¶ 60. The allegation that Defendant copied "substantial portions" of the HTML code does not contain the specificity ordered by the Court. The new allegation is not enough to comply with the Court's directive, especially in light of the Court's holding that the only portions of the HTML code that are copyrightable are "classes" and "comments."[1] *See* Docket No. 69, 14:11-27.

Accordingly, the Court grants in part Defendant's motion to dismiss the copyright infringement claims. The copyright infringement claims may proceed but only based on the specific copying identified in ¶ 48 of the SAC.

3.  Section 17200 Claim

Previously, the Court dismissed the § 17200 claim because, as pled, it was preempted by the Copyright Act. The Court, however, gave Plaintiff leave to amend "to the extent [Plaintiff] can allege such a claim independent of a copyright violation." Docket No. 69, 29:7-8. In its SAC, Plaintiff now claims Defendant violated § 17200 via conduct beyond the infringement, namely, by failing to disclose to Microsoft and other of Plaintiff's clients that Defendant never developed its own optimized search results page and instead stole Plaintiff's code. *See* SAC ¶¶ 101-104. Plaintiff asserts that, by so conducting itself, Defendant engaged in a fraudulent and unfair

---

[1] The Court reaffirms its earlier ruling that the only parts of the HTML code that are copyrightable are the "classes" and "comments." To the extent Plaintiff asserts that the *entirety* of the HTML code is copyrightable, that argument is without basis. Plaintiff has taken quotes from the Court's prior order out of context. Even a modestly close read of the order plainly shows the Court is speaking only about class names, one of two portions of the HTML code found copyrightable, and not the entire code. Docket No. 69, 15:25-26 ("Because class names, a form of creative expression, are found in both HTML as well as in the CSS, copyright protection obtains in the entirety of the HTML code, even though it incorporates CSS.").

4

business practice. *Id.* ¶ 107.

As before, Defendant argues that the § 17200 is still preempted. The Court agrees. "Copyright preemption is both explicit and broad: 17 U.S.C. § 301(a) prohibits state-law protection for any right equivalent to those in the Copyright Act."[2] *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992). Only "[i]f a state law claim includes an 'extra element' that makes the right asserted *qualitatively different* from those protected under the Copyright Act" is the state law claim "not preempted by the Copyright Act." *Altera Corp.*, 424 F.3d at 1089 (emphasis added).

The Court concludes that Plaintiff's § 17200 claim is not qualitatively different from a copyright infringement claim. The § 17200 claim is comparable to a reverse passing-off claim. Reverse passing off occurs when one party obtains a second party's goods, removes the second party's name, and then markets the products under its own name. In other words, a reverse passing-off claim is, in essence, a misrepresentation claim which is, in effect, what Plaintiff is also alleging in the instant case – *i.e.*, that Defendant failed to disclose to potential customers that it had used Plaintiff's code in its own product, marketing the product as its own. A number of courts have held that a reverse passing-off claim is not qualitatively different from a copyright claim and

---

[2] Section 301(a), titled "Preemption with respect to other laws," provides that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103… are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a); *see also Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 760 (9th Cir.), cert. denied, 136 S. Ct. 267 (2015) ("The Copyright Act expressly preempts all state law claims where…the state law grants 'legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright.' 17 U.S.C. § 301(a)…'The [exclusive] rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display.'") (quoting *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005)). An example of a nonequivalent right that is not preempted in state law claims is the enforcement of contractual rights, *Altera Corp.*, 424 F.3d at 1089; in contrast, "[i]t is well settled that a [state law] claim…predicated on the theory that defendant's product replicates plaintiff's expressions contain no extra element and is therefore preempted." *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 608 (S.D.N.Y. 2007).

is preempted because "[c]laims alleging misrepresentations of the ownership or origin of an idea do not differ from the '*inherent misrepresentations* that accompany unauthorized copying and reproduction of another's copyrighted work.'" *Gary Friedriche Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 232 (S.D.N.Y. 2009) (emphasis added). *See also LaCour v. Time Warner, Inc.*, No. 99 C 7105, 2000 WL 688946, at *7 (N.D. Ill. May 24, 2000) ("Consumer confusion and deception, which [plaintiff] alleges here, have been held to be *inherently present* in any copyright action and are therefore not considered extra elements that qualitatively alter the nature of a claim where they are asserted.") (emphasis added); *Silverstein*, 522 F. Supp. 2d at 609 ("The allegation that [defendant] also [affirmatively] misrepresented [plaintiff's work] as its own does not transform the claim into one qualitatively different from a copyright claim.").

At the hearing, Plaintiff sought to escape the preemptive reach of § 301 by arguing that its § 17200 claim goes beyond a reverse passing-off claim because it has alleged more than just a failure on the part of Defendant to disclose that it used Plaintiff's code. Plaintiff points in particular to ¶ 101 of the SAC which states as follows: "[Defendant] misrepresented to Microsoft – and other [of Plaintiff's] clients – that [Defendant] could perform services competitive with, if not better than, [Plaintiff's] offerings, and at a lower cost." SAC ¶ 101. But ¶ 101 cannot be read in isolation. Paragraph 102 of the SAC gives the context for ¶ 101: "But [Defendant] failed to disclose and omitted that it never developed its own optimized search results pages or that it lacked technological capabilities to develop such optimized search results pages." SAC ¶ 102. The SAC contains no other specific factual allegation suggesting the misrepresentation alleged in ¶ 101 goes beyond Plaintiff's assertion that Defendant stole its code in developing its product. Taken together, the gist of Plaintiff's complaint is a reverse passing-off claim.

Furthermore, even if some inference could be made that there was a misrepresentation *not* based on reverse passing-off, Plaintiff has failed to include sufficiently specific allegations to make it plausible that Defendant made any such broader misrepresentation. For example, Plaintiff has not alleged what, if any, specific misrepresentations Defendant made about its technological capability other than concealing its theft of Plaintiff's code. There is no allegation about Defendant's misrepresentation, for instance, about the superior size and quality of its engineering

6

1  staff. This is a problem of pleading not only under Federal Rule of Civil Procedure 9(b), but also
2  under *Iqbal* and *Twombly* under Rule 8.
3        Accordingly, the Court concludes that the § 17200 claim is not qualitatively different from
4  the copyright infringement claims and therefore dismisses the claim, as preempted. Because the
5  Court previously gave Plaintiff an opportunity to amend but it did not cure the deficiency when
6  given the opportunity, the dismissal is with prejudice.

B.    Motion to Strike

      1.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed .R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored. *See Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010); *see also Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (stating that, "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion"); *McRee v. Goldman,* No. 11–CV–00991–LHK, 2012 WL 929825, at *5 (N.D. Cal. Mar. 19, 2012) (explaining that motions to strike are disfavored because the motions may be used as delaying tactics and because there is a strong policy favoring resolution on the merits).

      2.    "Look and Feel" Allegations

Because the Court is not granting Defendant's motion to dismiss in its entirety, it must address Defendant's alternative motion to strike. Defendant asserts that the Court should strike all allegations in the SAC referring to the "look and feel," appearance, or design of Plaintiff's search results page. Docket No. 84, 6:12-13. According to Defendant, such allegations are irrelevant because – as Plaintiff has conceded – the look and feel of a website is not copyrightable. *See, e.g.*, U.S. Copyright Office, Compendium of Copyright Practices (3d ed. 2014) § 1007 (noting that "[e]xamples of uncopyrightable material include . . .[t]he layout, format, or 'look and feel' of a

7

website").

Although Plaintiff has conceded that "look and feel" is not copyrightable, that does not mean that allegations regarding such are thereby lacking in any relevance. As Plaintiff contends, they have at least some relevance as background information; more important, the allegations are also relevant to Defendant's motive for or intent in copying, which is at issue because Plaintiffs have included a claim for willful infringement by Defendant. The Court agrees. *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010-11 (2d Cir. 1995) (where the defendant admitted it intended to copy the look and feel of only the unprotected elements of the plaintiff's sweaters, finding that this admission established at least reckless disregard of plaintiff's copyrights to support a finding of willful infringement). Further, the Court notes that the jury in this case will not be given a copy of the SAC (or any operative pleading) and thus any allegations about "look and feel" will not cause Defendant any prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant's motion to dismiss and denies the motion to strike. The § 17200 claim is dismissed with prejudice. The copyright claims are limited to those examples identified by Plaintiff in ¶ 48 of its SAC.

This order disposes of Docket No. 84.

**IT IS SO ORDERED**.

Dated: July 28, 2016

_____
EDWARD M. CHEN
United States District Judge